UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20307-WILLIAMS

UNITED STATES OF AMERICA

vs.

MATTHEW JAMES CHOY,

    Defendant.
_____/

**ORDER OF DETENTION**

    THIS CAUSE came before the Court for a pretrial detention hearing on June 2, 2023, pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f), to determine whether Defendant, Matthew James Choy ("Mr. Choy" or "Defendant"), should be detained pending trial. The United States and the supervising probation officer requested Defendant be detained based upon danger to the community.

    THE COURT has considered the factors enumerated in 18 U.S.C. § 3142(g), heard from the parties, their counsel, and the Government's witness, FBI Special Agent Carlos Gibert, at the June 2, 2023, hearing, and is otherwise fully advised in the premises. For the reasons that follow, this Court finds no condition or combination of conditions will reasonably assure the safety of the community, and, therefore, that Defendant shall be detained prior to trial and until the conclusion thereof.

    In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

## I.   FINDINGS OF FACT

### A.  *Nature And Circumstances Of The Offense*

The Defendant is charged by Indictment with four counts of Threatening Communications in Interstate Commerce, in violation of Title 18, United States Code, Section 875(c).

### B.   *Weight Of The Evidence*

The weight of the evidence against Defendant is substantial. The evidence includes testimony of law enforcement, documents written by Defendant himself, court records, statements of victims, and admissions made by Defendant in recorded jail calls. Through its proffer at the detention hearing and cross-examination of FBI Special Agent Carlos Gibert, the United States established probable cause to find that Defendant committed the charged offenses.

The evidence shows that Defendant sent several letters to the District Court for the Southern District of Florida between May and June of 2022. These letters contained threats directed at a witness to whom Defendant has demonstrated a longstanding animosity. The threats are specific and violent, including graphic descriptions of acts of revenge Defendant states he will commit.

### C.   *History And Characteristics Of Defendant*

Defendant's history and characteristics support detention based danger to the community.[1] Defendant has a significant history of mental illness, including involuntary

---

[1] The undersigned also takes judicial notice of the Pretrial Services Report, dated August 30, 2022.

2

commitment. While he does not have a significant criminal history, his past crimes are directly relevant to the charged crimes, including a prior sentence for threats to the same victims. The fact that he was serving a sentence for violent threats at the time he committed this crime is specifically relevant to the Court pursuant to § 3142(g)(3)(B).

The Court also notes that the undersigned had the opportunity to observe Defendant, who appeared before the undersigned for the detention hearing. Defendant appeared agitated and antagonistic and was ordered removed from the courtroom after directing profanities directed at the undersigned.

## II.     REASONS FOR DETENTION

When the United States seeks to detain a criminal defendant pending trial based on his potential danger to the community, it must show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. *Id.*

In light of the nature and circumstances of the charges against Defendant, the weight of the evidence against him, the specific and violent nature of the threats, Defendant's prior threats to the same victims, and the evidence presented at the June 2, 2023, detention hearing, the Court finds that the United States has demonstrated by clear and convincing evidence that no condition or set of conditions would reasonably assure the safety of the community if Defendant were to be released on bond. Accordingly, the Court finds that Defendant must be detained pending trial in this matter.

### III. CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal, and Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for the purpose of court appearances.

The Court points out that although the instant written Order is entered on this 6th day of June, the Court announced its decision regarding Defendant's detention on the record at the detention hearing held June 2, 2023, and, thus, this Order is effective as of June 2, 2023.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of June, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Pretrial Services (Miami)