**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20307-CR-WILLIAMS**

**UNITED STATES OF AMERICA**

**vs.**

**MATTHEW JAMES CHOY,**

    **Defendant.**
_____/

**UNITED STATES'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

      Pursuant to Rule 30(a) of the Federal Rules of Criminal Procedure and the Court's Trial Order (D.E. No. 12), the United States of America respectfully submits the following proposed jury instructions and requests that they be given at trial in the above-captioned case.  Although the Defendant has not formally noticed his intent to proceed *pro se* and there has been no *Faretta* hearing, in an abundance of caution, the United States includes herein: 1) modifications to Preliminary Instruction (No. 1) to reflect the Defendant's *pro se* status; and 2) an additional instruction about the defendant's *pro se* status on page 22.

                    Respectfully submitted,

                    MARKENZY LAPOINTE
                    UNITED STATES ATTORNEY

    BY:    */s Lindsey Lazopoulos Friedman*
                    Assistant United States Attorneys
                    LINDSEY LAZOPOULOS FRIEDMAN
                    Florida Bar No. 091792
                    BROOKE WATSON
                    Florida Bar No. A5501844
                    99 N. E. 4th Street
                    Miami, Florida 33132-2111
                    TEL (305) 961-9168
                    Lindsey.Friedman@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 8, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record.


_/s/ Lindsey Lazopoulos Friedman_
LINDSEY LAZOPOULOS FRIEDMAN
Assistant United States Attorney

**P1**
**Preliminary Instructions – Criminal Cases**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crime charged in the superseding indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

Pro Se Defendant[1]

The Defendant has decided to represent himself in this trial and not to use the services of a lawyer. He has a constitutional right to do that. His decision has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.

Because the Defendant has decided to act as his own lawyer, you may hear him speak at various times during the trial. He may make an opening statement

---

[1] *See United States v. Patrick Longsworth* , No. 23-cr-20017, DE: 49 (S.D. Fla. Ruiz, J. June 21, 2023); *United States v. Gross.*, 21-CR-20532, DE:74 (S.D. Fla., Huck, J.). *See e.g., United States v. Brown*, 393 F. App'x 686, 705 n.15 (11th Cir. 2010) ("The district court committed no plain error in instructing the jury regarding Brown's decision to represent himself."); *see also* Ninth Circuit, Manual Model of Criminal Jury Instructions (2010), Instruction 1.15; Eighth Circuit, Criminal Jury Instructions § 2.22.

and closing argument and may ask questions of witnesses, make objections, and argue legal issues to the court. I want to remind you that when the Defendant speaks in these parts of the trial, he is acting as a lawyer in the case, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

What is not evidence:

Certain things are not evidence and must not be considered. I will list them for you now:

- Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

3

- Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because a lawyer's question suggests that it is. For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

Credibility of witnesses:

4

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

<u>Rules for criminal cases:</u>

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

5

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his innocence or to present any evidence, or to testify. Since the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

<u>Conduct of the jury:</u>

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3. You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

6

4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, or Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

7

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases

in special ways, so it's important that any definitions you hear come only from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

Taking notes:

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

Course of the trial:

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

**B2.1**
**The Duty to Follow Instructions And the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**B4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**B8**
**Introduction to Offense Instructions**

The indictment charges four (4) separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Counts 1 through 4 charge the defendant with sending threatening communications in interstate commerce in violation of Title 18, United States Code, Section 875(c).

**O30.3**
**Interstate Transmission of Threat to Kidnap or Injure**
**18 U.S.C. § 875(c)**

It's a Federal crime to knowingly send in interstate commerce a true threat to injure any person.

The Defendant can be found guilty of this crime only if the following facts are proved beyond a reasonable doubt:

(1)     the Defendant knowingly sent a message in interstate commerce containing a true threat to injure the person of another; and

(2)     the Defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat.

The Government doesn't have to prove that the Defendant intended to carry out the threat.

To transmit something in "interstate commerce" means to send it from a place in one state to a place in another state.

A "true threat" is a serious threat – not idle talk, a careless remark, or something said jokingly – that is made under circumstances that would place a reasonable person in fear of being injured or another person being injured.

**B9.2**
**On or About a Particular Date; Knowingly**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

**B10.2**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**S4.1**
**Similar Acts Evidence**
**(Rule 404(b), Fed. R. Evid.)**

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged.  You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the indictment.  This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment, the Defendant had a motive or the opportunity to commit the acts charged in the indictment, and/or the Defendant committed the acts charged in the indictment by accident or mistake.

**S5**
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**T3**
**Explanatory Instruction**
**Transcript of Tape Recorded Conversation**

Members of the Jury: Exhibit _____ has been identified as a typewritten transcript of the oral conversation heard on the tape recording received in evidence as Exhibit _____. The transcript also purports to identify the speakers engaged in the conversation.

I've admitted the transcript for the limited and secondary purpose of helping you follow the content of the conversation as you listen to the tape recording.

But you are specifically instructed that whether the transcript correctly reflects the content of the conversation or the identity of the speakers is entirely for you to decide based on your own evaluation of the testimony you have heard about the preparation of the transcript, and from your own examination of the transcript in relation to hearing the tape recording itself as the primary evidence of its own contents.

If you determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

**(NON-PATTERN INSTRUCTION)**

**Pro Se Defendant[2]**

The Defendant has decided to represent himself in this trial and not to use the services of a lawyer. He has a constitutional right to do that. His decision has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.

Because the Defendant has decided to act as his own lawyer, he made an opening statement and closing argument, he questioned witnesses, made objections, and argued legal issues to the court. I want to remind you that when the Defendant spoke in these parts of the trial, he was acting as a lawyer in the case, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

---

[2] *See, e.g.*, *United States v. Patrick Longsworth*, No. 23-cr-20017, DE: 49 (S.D. Fla. Ruiz, J. June 21, 2023); *United States v. Gross.*, 21-CR-20532, DE:74 (S.D. Fla., Huck, J.). *See e.g.*, *United States v. Brown*, 393 F. App'x 686, 705 n.15 (11th Cir. 2010) ("The district court committed no plain error in instructing the jury regarding Brown's decision to represent himself."); *see also* Ninth Circuit, Manual Model of Criminal Jury Instructions (2010), Instruction 1.15; Eighth Circuit, Criminal Jury Instructions § 2.22.

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20307-CR-WILLIAMS**

**UNITED STATES OF AMERICA**

**vs.**

**MATTHEW JAMES CHOY,**

    **Defendant.**
_____/

**<u>VERDICT FORM</u>**

    We, the Jury, unanimously find the Defendant, MATTHEW JAMES CHOY:

As to **Count 1** of the Indictment:

          GUILTY _____      NOT GUILTY _____

As to **Count 2** of the Indictment:

          GUILTY _____      NOT GUILTY _____

As to **Count 3** of the Indictment:

          GUILTY _____      NOT GUILTY _____

As to **Count 4** of the Indictment:

          GUILTY _____      NOT GUILTY _____

SO SAY WE ALL

_____
FOREPERSON OF THE JURY
Dated: _____

25